**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

VIVIAN CAROL WRIGHT,            )
                                )
       Plaintiff,            )
                                )
v.                              )    Case No. CIV-17-369-RAW-KEW
                                )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
       Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Vivian Carol Wright (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 61 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has no past relevant work in the last 15 years. Claimant alleges an inability to work beginning January 1, 2002 due to limitations resulting from PTSD, bipolar disorder, anxiety, depression, and ankle problems.

## Procedural History

On July 2, 2014, Claimant protectively filed for supplemental

3

security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 6, 2016, Administrative Law Judge ("ALJ") Kim Parrish conducted an administrative hearing in Oklahoma City, Oklahoma. On July 25, 2016, the ALJ issued an unfavorable decision. On July 28, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching a mental RFC which was not supported by substantial evidence; and (2) failing to find her ankle impairment as severe at step two.

### Mental RFC Assessment

In his decision, the ALJ determined Claimant suffered from the

severe impairments of major depressive disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"). (Tr. 20). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels but identified non-exertional limitations of an ability to understand, remember, and carry out short and simple instructions, but not detailed instructions; a requirement that Claimant must be employed in a low stress job with no decision making required and no changes in the work setting; and could have not interaction with the public and only occasional interaction with co-workers and supervisors. (Tr. 22).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of machine packager, hand packager, and inspector packer, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 28). As a result, the ALJ found Claimant was not under a disability since June 16, 2014, the date the application was filed. (Tr. 29).

Claimant contends the ALJ's mental restrictions failed to include the variable problems found by the state agency physicians. Dr. Ron Cummings completed a mental RFC assessment form dated September 24, 2014. On the issue of Claimant's limitations in attention and concentration, Dr. Cummings explained on the form that

> Clmt may have variable periods of lapses in attention and

5

> concentration due to mental ruminations and preoccupation during episodes of acute depression and anxiety. However, she is generally able to maintain adequate CP&P sufficient for employment.

(Tr. 60).

He then concluded in his mental RFC that Claimant suffered from the following restrictions:

> Clmt is able to perform simple and some complex tasks with routine supervision. Concentration and persistence is variable but should be sufficient to maintain employment. Claimant can relate to supervisors and peers on a superficial work basis. Claimant can tolerate incidental contact with the general public but should not seek employment where public contact is frequent and necessary for successful work performance. Clmt is able to adapt to a work environment.

(Tr. 61).

Claimant asserts that the ALJ erred by failing to include the variable problems in concentration and persistence in the final RFC. She ignores, however, the fact that none of the mental RFC assessments concluded that the variable deficiencies in concentration and persistence were sufficiently pervasive to preclude employment. Moreover, not all of the consultative examiners observed problems in these areas. Claimant was examined by Dr. Marguerite Langille-Hoppe on September 17, 2014. Among her findings, Dr. Langille-Hoppe concluded that Claimant's "thought processes, communication, ability to follow directions, attention and concentration were all observed to be appropriate." (Tr. 319).

She noted Claimant's complaints of anxiety, panic attacks, and an inability to be around people. Id. Dr. Langille-Hoppe found many of Claimant's symptoms to be consistent with a diagnosis of Generalized Anxiety Disorder. (Tr. 320).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). This Court cannot conclude that the failure to include

7

variable problems with concentration and persistence to be error since no expert concluded the condition would preclude employment.

Claimant also contends that the failure of the ALJ to consider the Global Assessment of Functioning ("GAF") scores in the analysis of her RFC constituted reversible error. Claimant was given a GAF rating of between 45 and 50 during her treatment. (Tr. 243, 254, 277, 287, 298, 333, 399).

"The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)). Specifically, the DSM-IV-TR, explains that a GAF 41 and 50

indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, inability to keep a job)."  Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

An ALJ is required to consider all relevant evidence in the record.  Soc. Sec. R. 06-03p.  He is not, however, required to discuss every piece of evidence in the record.  Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  A GAF score may be of considerable help to the ALJ in formulating the RFC but it is not essential to the RFC's accuracy and "taken alone does not establish an impairment serious enough to preclude an ability to work." Holcomb v. Astrue, 2010 WL 2881530, 2 (Okla.)(unpublished opinion) citing Howard v. Comm. of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002).  The ALJ did not omit a discussion of the GAF scores from his decision. (Tr. 24).  His conclusions in the RFC are consistent with the recognition of Claimant's GAF scores.  This Court finds the ALJ was under no legal obligation to discuss Claimant's GAF scores further or give them more weight than he expressly gave them in his decision.

Claimant also suggests that the ALJ erred in failing to find that she could not leave a "structured setting" as described in

Listing 12.00 on Mental Disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F. It is unclear from the briefing whether Claimant is arguing that the ALJ should have concluded that she equaled or met the identified listing or whether the requirement for a "structured setting" should have been included in the RFC. In either circumstance, Claimant's position is not supported by the medical record. Claimant fails to cite to any medical report or evidence in the record which indicates that Claimant needs assistance in order to function at work or at home. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00D. Indeed, the evidence bearing on her activities of daily living indicates she leaves her home alone on occasion to shop without the need for assistance or accompaniment. (Tr. 185-88). No error is found in failing to restrict Claimant to a "structured setting."

**Step Two Analysis**

Claimant asserts the ALJ should have included her left ankle impairment as an additional severe impairment at step two. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such

impairment, if considered separately, would be of sufficient severity.  Brescia v. Astrue, 287 F. App'x 626, 628–629 (10th Cir. 2008).  The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28.  At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities."  20 C.F.R. § 416.920(c).  An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work

experience." <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments. Moreover, he considered Claimant's left ankle impairment but concluded that she had not sought treatment for the condition, did not take pain medication for her ankle, and performed activities which were inconsistent with a severe ankle impairment. (Tr. 27). Since he did not deny benefits at step two based upon the lack of any severe impairments and he justified the omission, the ALJ's failure to include the alleged ankle condition does not constitute reversible error.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision

by the District Court based on such findings.

DATED this 4th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE